## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PEGGY BORDELON, HENRY CARTOZZO AND MORRIS BART, LLC** | **CIVIL ACTION NO.** |
| **Plaintiffs** | **SECTION** |
| **VERSUS** | **JUDGE** |
| **HOMESITE INSURANCE COMPANY AND NATIONSTAR MORTGAGE, LLC D/B/A MR. COOPER** | **MAGISTRATE** |
| **Defendants** | |

## NOTICE OF REMOVAL

TO:    The Honorable Judges and The Honorable Clerk of this Court
United States District Court
Eastern District of Louisiana

**NOW INTO COURT**, through undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, comes Nationstar Mortgage, LLC d/b/a Mr. Cooper, (hereinafter referred to as "Nationstar"), sought to be made defendant in this matter, who, on reserving all rights and defenses including, but not limited to, all defenses contained in Rule 12 of the Federal Rules of Civil Procedure and/or the Louisiana Code of Civil Procedure, respectfully represents that it desires to remove the civil action styled *Peggy Bordelon, Henry Cartozzo and Morris Bart v. Homesite Insurance Company and Nationstar Mortgage, LLC d/b/a Mr. Cooper* Case No. 842-693, Division A, from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, on the ground of diversity of citizenship. The specific grounds for removal are as follows:

## **FACTUAL ALLEGATIONS**

1.

Plaintiffs, Peggy Bordelon ("Bordelon"), Henry Cartozzo ("Cartozzo") and Morris Bart, LLC ("Morris Bart") (Bordelon, Cartozzo, and Morris Bart are sometimes referred to collectively as the "Plaintiffs") instituted this proceeding on or around July 7, 2023 by filing a Petition for Damages and Declaratory Judgment (the "Petition") in the 24th Judicial Court for the Parish of Jefferson naming Homesite Insurance Company ("Homesite") and Nationstar as Defendants.[1]

2.

In the Petition, Plaintiffs allege that, at the time of Hurricane Ida, Homesite insured Bordelon and Cartozzo's property located at 1301 Houma Boulevard, Metairie Louisiana 70001 ("the Property").[2]

3.

In the Petition, Plaintiffs allege prior to Hurricane Ida, Bordelon and Cartozzo mortgaged the Property with Nationstar.[3]

4.

In the Petition, the Plaintiffs allege that Bordelon and Cartozzo hired Morris Bart under a contingency fee agreement to pursue claims for damages to the Property caused by Hurricane Ida.[4]

5.

In the Petition, Plaintiffs allege as a result of Hurricane Ida, the Property sustained at least

---

[1] *See* Exhibit A: Petition
[2] *Id*. ¶ 8, 10
[3] *Id*. ¶ 11
[4] *Id*. ¶ 12

$130,000.00 in insurance damages under the insurance Policy maintained by Homesite.[5]

6.

In the Petition, Plaintiffs allege despite receiving satisfactory proof of the losses and covered damages to the Property caused by Hurricane Ida, Homesite denied Bordelon and Cartozzo's insurance claim and, in so doing, breached its contractual obligations to timely pay all amounts owed under the policy.[6]

7.

In the Petition, Plaintiffs allege there is a justiciable controversy involving the disputed rights among the parties to this litigation, vis a vis the insurance payments, to which Bordelon and Cartozzo and Morris Bart are entitled to declaratory judgment pursuant to La. C.C.P. § 1871.[7]

8.

In the Petition, the Plaintiffs allege that Morris Bart obtained or will obtain an attorney's fee lien over amounts paid by Homesite under the Policy and any amounts which Homesite may pay under the Policy in the future.[8]

9.

In the Petition, the Plaintiffs allege Nationstar is not entitled to any funds obtained by Plaintiffs from Homesite.[9]

10.

Based on the foregoing, the Plaintiffs seek a judgment entered in favor of Bordelon and Cartozzo and against Homesite, finding Homesite in breach of the subject insurance policy and in

---

[5] *Id*. ¶ 9
[6] *Id*. ¶18
[7] *Id*. ¶ 32
[8] *Id*. ¶¶ 33, 34, 35, 36, 39, 40
[9] *Id*. ¶ 41

violation of applicable law, awarding to Bordelon and Cartozzo all damages that are reasonable in the premises, including, but not limited to, all benefits and amounts due under the subject insurance policy, plus all statutory penalties, attorneys' fees, interest and costs owed under La. R.S. 22:1892 and La. R.S. 22:1973, together with legal interest thereon from the date of judicial demand until fully paid, all as afforded under applicable law.[10]

11.

Additionally, Plaintiffs seek a declaratory judgment entered in favor of Plaintiffs and against Homesite and Nationstar, finding that:

> (1) The attorney lien of Morris Bart is superior to any rights which Nationstar may have;
>
> (2) Homesite is to issue a separate payment to Bordelon and Cartozzo and Bart out of any payment for attorneys' fees and costs without Nationstar listed as an additional payee; and
>
> (3) Homesite is to issue a separate payment to Bordelon and Cartozzo and Bart, without Nationstar's name listed as a payee, for any amount which exceeds the amount due pursuant to the mortgage note.[11]

12.

In addition to seeking a judgment against Homesite and declaratory relief against Homesite and Nationstar, the Plaintiffs all unspecified general and equitable relief that the Court deems appropriate.[12]

## SUMMARY OF THE GROUNDS FOR REMOVAL

13.

Complete diversity of citizenship exists between Bordelon, Cartozzo, and Morris Bart on

---

[10] *See id.* at final un-numbered paragraph beginning in "wherefore
[11] *Id.*
[12] *Id.*

the one hand, and Homesite and Nation star on the other, and the amount in controversy exceeds $75,000.00. Thus this Court has original subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a). Homesite has provided consent for removal of this action.[13] Therefore, this case is removable under 28 U.S.C. § 1441(a).

## VENUE

### 14.

Under 28 U.S.C. § 1441(a), this action may be removed to the district court of the United States for the district and division embracing the place where the state court action is pending. Venue for this removal is, therefore, proper in the United States District Court for the Eastern District of Louisiana, as this is the district and division embracing Jefferson Parish, Louisiana – the location of the pending state court action.[14]

## PROCEDURAL COMPLIANCE

### 15.

Pursuant to 28 U.S.C. §§ 1446(a) and 1447(b), promptly after filing this Notice of Removal, Nationstar will file with the Clerk of Court for the Eastern District of Louisiana, copies of all pleadings and orders in the state court record, including "all process, pleadings and orders served upon" Nationstar.

### 16.

Pursuant to 28 U.S.C. § 1446(d), promptly upon filing this Notice of Removal, Nationstar will send written notice and a copy of the Notice of Removal to all counsel of record or unrepresented parties and will file a copy of the Notice of Removal with the Clerk of Court for the 24th Judicial Court for the Parish of Jefferson, Louisiana.

---

[13] Exhibit B
[14] *See* 28 U.S.C. § 98(c) ("The Eastern District comprises the parishes of . . . Jefferson. . .").

## TIMELINESS OF NOTICE OF REMOVAL

### 17.

On or around July 19, 2023, Plaintiffs, through counsel of record, served Nationstar though its agent for service of process, CSC, with a copy of the Petition and Citation. Because Nationstar is filing this Notice of Removal within 30 days of being served, the Notice is timely under 28 U.S.C. § 1446(b)(1) and (c)(1).[15]

## BASIS FOR REMOVAL – DIVERSITY JURISDICTION

### 18.

The Court's removal jurisdiction is based on diversity jurisdiction under 28 U.S.C. § 1332, which exists when there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[16] Under Section 1332, this Court has diversity jurisdiction over this civil action as Bordelon, Cartozzo and Morris Bart are completely diverse in citizenship from Homesite and Nationstar, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

**A.    Bordelon, Cartozzo and Morris Bart are Completely Diverse In Citizenship From Homesite and Nationstar.**

### 19.

For purposes of diversity jurisdiction, natural persons, such as Bordelon and Cartozzo, are citizens of the state where they are domiciled.[17] Domicile is the state where a person resides and intends to remain indefinitely.[18] Although a person's residence in a state does not, by itself,

---

[15] 28 U.S.C. § 1446(b)(1) and (c)(1); *See Thompson v. Deutsche Bank Nat'l Trust Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999)).
[16] 28 U.S.C. § 1332; *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003).
[17] *Freeman v. NW Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir. 1985).
[18] *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 798 (5th Cir. 2007).

establish domicile, "residence… is prima facie proof of … domicile."[19] In determining domicile, the court may consider where a person "exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family."[20]

20.

Plaintiffs, Bordelon and Cartozzo, are and were at the time of the filing of the Petition, as well as during all times intervening, domiciled in and thus citizens of the State of Louisiana for purposes of diversity.[21]

21.

Plaintiff, Morris Bart, LLC, is a limited liability company organized under the laws of the State of Louisiana and having its principal place of business in the State of Louisiana. Morris Bart, LLC's sole member is Morris Bart, III, who is domiciled in Orleans Parish, LA and is a citizen of the State of Louisiana.[22] Consequently, Morris Bart, LLC is a citizen of the State of Louisiana for purposes of diversity jurisdiction.

22.

Defendant, Homesite Insurance Company, is a Wisconsin incorporated insurance company with a principal place of business in the state of Massachusetts. Consequently, Homesite Insurance Company is a citizen of the states of Wisconsin and Massachusetts for purposes of diversity jurisdiction.

---

[19] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).
[20] *Acridge v. Evangelical Lutheran Good Samaritan Soc'y*, 334 F.3d 444, 448 (5th Cir 2003) (citations omitted).
[21] *See*, Exhibit A: Petition ¶ 1; *See Freeman*, 754 F.2d at 555 (holding natural person is citizen of the state where he is domiciled).
[22] *See*, Exhibit A: Petition ¶ 2

23.

Defendant, Nationstar Mortgage, LLC d/b/a Mr. Cooper is a Delaware limited liability company having its principal place of business in the state of Texas. Nationstar Mortgage LLC's members are Nationstar Sub1 LLC ("Sub1") and (2) Nationstar Sub2 LLC ("Sub2"). Sub1 and Sub2 are both Delaware limited liability companies and both have their principal place of business in the state of Texas. Sub1's and Sub2's sole member is Nationstar Mortgage Holdings Inc. ("NSM Holdings"). NSM Holdings is a Delaware corporation having its principal place of business in the State of Texas and is a wholly owned subsidiary of Mr. Cooper Group Inc. ("Mr. Cooper"). Mr. Cooper is a Delaware corporation. Consequently, Nationstar Mortgage LLC is a citizen of the states of Delaware and Texas for purposes of diversity jurisdiction.

24.

Therefore, Bordelon, Cartozzo and Morris Bart do not share citizenship with either Defendants. Bordelon, Cartozzo and Morris Bart are all citizens of the State of Louisiana, Homesite is a citizen of the States of Wisconsin and Massachusetts, and Nationstar is a citizen of the States of Delaware and New York for diversity purposes.

**B.      The Amount In Controversy Exceeds $75,000.**

25.

The Fifth Circuit has articulated a "clear analytical framework" for assessing the amount-in-controversy requirement of 28 U.S.C. § 1332 in cases removed from Louisiana state courts on the basis of diversity jurisdiction as the plaintiff is prohibited from pleading a specific numerical value of damages in his petition.[23]

---

[23] *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 2000); *see also* La. Code Civ. Proc. art. 893.

26.

Under the framework set forth by the Fifth Circuit, the defendant removing an action from Louisiana state court must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[24] The removing defendant can satisfy this burden by demonstrating in its notice of removal that, based on the facts alleged in the petition, it is "facially apparent" that plaintiff's claims probably exceed $75,000.[25] Once the defendant establishes the amount in controversy is sufficient, removal is proper unless the plaintiff can show "that it is legally certain that his recovery will not exceed the amount stated."[26]

27.

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and a district court must accept the defendant's good-faith allegations regarding the amount in controversy.[27] A defendant is not required to submit evidence with its notice of removal.[28]

28.

"[I]t is well established that the amount in controversy is measured by the value of the object of the litigation."[29]

29.

In the Petition, Bordelon and Cartozzo allege entitlement to at least $130,000.00 in insurance damages from Homesite.  Bordelon and Cartozzo further seek statutory penalties against Homesite of 50% damages on the amount found to be due, as well as reasonable attorney's fees

---

[24] *E.g.*, *Felton*, 324 F.3d at 773–74; *Loque v. Allstate Ins. Co.*, 314 F.3d 776, 779 (5th Cir. 2002)
[25] *Id.*
[26] *White v. FCI USA, Inc*., 319 F.3d 672, 674 (5th Cir. 2003).
[27] *Dart Cherokee Basin Operating Co. LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014).
[28] *Id.*
[29] *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977).

and costs pursuant to La. R.S. 22:1892, in addition to statutory penalties pursuant to La. R.S. 22:1973, together with interest and all other damages Bordelon and Cartozzo may prove as allowed by law.[30] As the insurance damages alleged alone exceed $75,000.00, it is facially apparent that Plaintiffs' claims, in addition to seeking statutory damages pursuant to La. R.S. 22:1892 and La. R.S. 22:1973, exceed $75,000.00. For this reason alone, this case satisfies and exceeds the amount-in-controversy requirement of 28 U.S.C. § 1332.

30.

"[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." [31]

31.

Because the Plaintiffs seek (1) a declaratory judgment that Nationstar has no interest in the potential $130,000.00 in insurance proceeds; (2) injunctive relief that the potential $130,000.00 in future insurance proceeds check be re-issued without listing Nationstar as a payee, and (3) an unspecified award of damages and attorney's fees, the amount in controversy is at least $130,000.00.

32.

Accordingly, these allegations demonstrate by a preponderance of the evidence that the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs.

33.

WHEREFORE, Defendant Nationstar Mortgage, LLC d/b/a Mr. Cooper prays that this Notice of Removal be deemed good and sufficient, that Plaintiffs' Petition be removed from the

---

[30] See, Exhibit A: Petition ¶¶ 22, 28, 29, 30
[31] *Hartford Ins. Group v. Lou-Con Inc.,* 293 F.3d 908 (5th Cir. 2002 )(quoting *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983)); *see also*, *Nationstar Mortgage LLC v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977).

24th Judicial District Court for the Parish of Jefferson, to this Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in this civil action from the 24th Judicial District Court for the Parish of Jefferson, and thereupon proceed with this civil action, as if it had originally been commenced in this Court.

Respectfully submitted this 18th day of August, 2023.

**McGLINCHEY STAFFORD, PLLC**

/s/ Jonathan G. Wilbourn
JONATHAN G. WILBOURN (La. Bar No. 27683)
301 Main Street, Suite 1400
Baton Rouge, LA 70801
Telephone: (225) 383-9000
Facsimile: (225) 343-3076
Email: jwilbourn@mcglinchey.com

and

TAYLOR C. LOMBARDO (La. Bar No. 39260)
601 Poydras Street, Suite 1200
New Orleans, LA 70130
Telephone: (504) 596-1200
Facsimile: (504) 596-2800
Email:tlombardo@mcglinchey.com

**ATTORNEYS FOR NATIONSTAR, LLC**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record electronically via U.S. Mail, first class mail, postage prepaid on

Adam Bosso
Austin Marks
Morris Bart, LLC
601 Poydras Street, 24th Floor
New Orleans, LA 70130
Telephone: (504) 525-8000
Facsimile: (800) 896-4719
Email: abosso@morrisbart.com | amarks@morrisbart.com

**Attorneys for Plaintiffs**

and

Samuel P. Baumgartner
Porteous, Hainkel & Johnson, LLP
408 N. Columbia Street
Covington, Louisiana  70433
Telephone: 985-893-4790
Direct Dial:  985-246-7460
Direct Fax:  985-246-7461
sbaumgartner@phjlaw.com

**Attorney for Homesite Insurance Company**

this 18th  day of August, 2023.

/s/ Jonathan G. Wilbourn